IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANA R. KADASH | : | |
| *Plaintiff* | : | |
| vs. | : | |
| | : | |
| BOOTH'S CORNER REALTY CO. a/k/a, t/a | : | CIVIL ACTION NO. |
| d/b/a BOOTHS CORNER REALTY, a/k/a, t/a | : | |
| d/b/a BOOTHS CORNER FARMER'S | : | |
| MARKET a/k/a, t/a, d/b/a BOOTH'S CORNER | : | |
| FARMER'S MARKET & AUCTION | : | |
| -and- | : | |
| PA DUTCH WOODCRAFT, LLC a/k/a, t/a d/b/a | : | |
| PA DUTCH WOODCRAFT | : | **JURY TRIAL DEMANDED** |
| | : | |
| *Defendants* | : | |

**CIVIL ACTION COMPLAINT AND JURY DEMAND**

**I   PARTIES**

1. Plaintiff, Diana R. Kadash, is an adult individual and citizen of the State of Delaware residing therein at 2217 Hillside Road, Wilmington, Delaware 19810.

2. Defendant, Booth's Corner Realty Co., a/k/a, t/a, d/b/a Booth's Corner Realty, a/k/a, t/a, d/b/a Booth's Corner Farmer's Market a/k/a, t/a, d/b/a Booth's Corner Farmer's Market & Auction and was and now is a business entity, duly organized and existing under the laws of the Commonwealth of Pennsylvania and authorized to conduct business in the Commonwealth of Pennsylvania, or a fictitious name registration with a principal place of business located at 1362 Naamans Creek Road, Garnet Valley, PA 19060 and 1362 Naamans Creek Road, Boothwyn, PA 19061.

3. Defendant, PA Dutch Woodcraft, LLC a/k/a, t/a, d/b/a PA Dutch Woodcraft and was and now is a business entity, duly organized and existing under the laws of the Commonwealth of

Pennsylvania and authorized to conduct business in the Commonwealth of Pennsylvania, or a fictitious name registration with a principal place of business located at 1362 Naamans Creek Road, Garnet Valley, PA 19060 and 1362 Naamans Creek Road, Boothwyn, PA 19061.

## II.   JURISDICTION AND VENUE

4. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. §1332.

5. The amount in controversy in this action is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of costs and fees.

6. Venue is proper in this district pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the within claims occurred within the District and because Defendants regularly conducts business within the District.

## III.   STATEMENT OF CLAIMS

7. At the time of this incident and at all times material hereto, the Defendants owned, controlled, operated, maintained and/or possessed the Defendants' premises, common areas, and walkway areas, hereinafter referred to as "situs", Booth's Corner Farmers Market at 1362 Naamans Creek Road, Garnet Valley, PA 19060 at or about the intersection of Naamans Creek Road and Foulk Road, in the Township of Bethel, in the county of Delaware, and in the Commonwealth of Pennsylvania.

8. At the time and date of this incident, and for a long time prior thereto, the Defendants were the owners, lessors, and had in its possession of and under their care, direction, supervision or control of the subject premises referred to as the "situs".

9. At all times material herein, the Defendants acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the

course and scope of their employment, agency and/or service for the same and under the direct control of the Defendants.

10. All acts alleged to have been done, or not have been done, by the Defendants, its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting on their master's business and within the course and scope of their within the course and scope of their employment, with and on behalf of said Defendants.

11. On or about October 9, 2021 and for a long time prior thereto, the Defendants were the owners, lessors, and had in their possession and under their care, direction, supervision and control of the "situs".

12. At all times material and relevant hereto, there was an obligation on the part of the aforesaid Defendants, to supervise, repair, maintain, clean, inspect, refrain from creating visual obstructions in/or near the common area walkways, and, otherwise be responsible for the premises, so same would be safe for use by occupants, inhabitants, invitees and/or the general public, including Plaintiff, Diana Kadash.

13. On or about October 9, 2021 at approximately 2:30 p.m., plaintiff was a business invitee, and/or a member of the general public and was lawfully on the aforementioned premises of the Defendants, when, suddenly and without warning due solely to the negligence and carelessness of the Defendants, she was caused to slip, stumble and fall by reason of the aforesaid unreasonably hazardous and dangerous condition and/or conditions in, on and of the Defendants' aforesaid common areas, walkways, and premises, thereby causing her to sustain permanent, severe and debilitating injuries as more fully set forth below.

14. At all times material and relevant hereto, Defendants, owed a duty to supervise, repair, maintain, inspect and otherwise be responsible for the premises, walkways, common areas,

of the premises so that same would be safe for use by occupants, inhabitants, business invitees and/or the general public, including plaintiff, Diana Kadash.

15. Defendants herein knew and/or should have known of the dangerous, and unsafe conditions of the walkways and common areas, and/or the construction of a tall vertical structure pillar/column that created a blind spot to pedestrians walking near it and created a serious reduction in visibility and the likelihood that said dangerous and unsafe conditions would cause injuries to occupants, inhabitants, business invitees and/or the general public lawfully on the aforesaid premises, in the absence of adequate safety measures as pedestrian's views were obstructed.

16. At the aforesaid time and date, Plaintiff, Diana Kadash was carefully proceeding on foot and was walking on the premises of the aforementioned property of the Defendants, exercising due care and cautions for her own safety, when she was caused to slip, stumble and fall to the ground at the "situs", due to coming into contact with an unexpected pedestrian where the pillar created a blind spot and obstructed Plaintiff's view of pedestrians coming from her right, as well as, the pedestrians walking from Plaintiff's right causing surprise and a startle reaction thereby causing the subject trip and fall backwards of Plaintiff onto her buttocks, back, and out stretched arms, hands and wrists.

17. Plaintiff avers that it was the duty of the Defendants, either directly or by through their duly authorized agents, servants, workmen, and/or employs, to properly mark, clean, inspect and maintain said walkway area at the "situs" in a reasonably safe condition for its intended use, free from all defects and/or conditions, which the Defendants knew, should have, or could have known existed, which would present an unreasonable risk of harm using said area, and more specifically, Plaintiff, Diana Kadash.

18. Upon information and belief Defendants, PA Dutch Woodcraft, LLC a/k/a, t/a, d/b/a

PA Dutch Woodcraft was permitted to construct a vertical pillar at or near the egress of a pedestrian walkway intersecting at or near "Danny Mertz, Inc." and "What Crock".

19. At all times material hereto, there was a dangerous condition of the said premises and that dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and Defendants had actual notice and/or could reasonably be charged with notice under the circumstances of the said dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

20. The circumstances under which Plaintiff was injured were such that the below detailed injuries to Plaintiff could not have occurred on the premises except by negligence of defendants.

21. At all times relevant hereto, defendants by their agents, servants, work persons, and/or employees who acted and/or failed to act within the course of their employment and within the scope of their authority in a manner that was negligent and careless in that they:

(a) created, maintained and/or allowed to continue a dangerous and hazardous condition on its aforesaid premises of which it knew or, in the exercise of reasonable care, should have known;

(b) failed to properly warn or otherwise advise those lawfully upon its aforesaid premises of the aforesaid dangerous condition;

(c) failed to place barriers, warning signs, markings, railings, mirrors, signs, lights and/or other devises upon or near the aforesaid vertical pillar condition to warn those lawfully upon the aforesaid premises of its existence;

(d) failed to maintain its property in a safe condition;

(e) failed to provide a safe ingress and egress to business invitees at the location;

(f) failed to properly and adequately inspect the pedestrian walkways and pavement in and on said location;

(g) failed to exercise due care with regard to the Plaintiff under all of the circumstances of the case;

(h) failed to provide safe conditions for occupants, inhabitants, invitees and/or the general public;

(i) failed to inspect, correct or have corrected, repair or protect from unsafe and/or hazardous conditions being created on the premises in the area used by occupants, invitees and/or the general public, said condition existing for a long time prior to the date of the incident;

(j) allowed a latent and hidden dangerous condition to exist on the premises, in particular the aforesaid dangerous and unsafe vertical column obstructing pedestrians condition of the walkways and areas near them on the premises;

(k) failed to act with due care and regard for the position and safety of others;

(l) failed to maintain proper supervision of the premises;

(m) failed to maintain proper safety precautions at the premises;

(n) failed to provide and maintain safe real estate;

(o) failed to properly supervise Plaintiff while she was on the property;

(p) failed to respond in a timely manner to an insecure or dangerous condition or situation at the premises;

(q) disregarded the rights, safety and position of the plaintiff and others similarly situated;

(r) failed to maintain the walkways, and alleyways in a condition that would protect and safeguard persons such as Plaintiff lawfully walking thereon;

(s) failed to provide Plaintiff, Diana Kadash, with the required degree of due care required by defendant to business invitees such as Plaintiff Diana Kadash;

(t) failed to provide an alternative path and failed to use that degree of due care required in that Diana Kadash, was a business invitee on defendants' premises;

(u) disregarded the rights of business invitees and creating a dangerous condition on the premises knowing that business patrons such as Plaintiff would require use of said areas;

(v) failed to escort the plaintiff around obstructing pillar blind spot on the pedestrian walkway;

(w) failed to employ and/or engage proper and safe agents, servants, workmen,

employees, representatives, business associates and/or contractors;

(x) failed to exercise their respective duties of supervision and control;

(z) violated the Chester County code and all other pertinent rules and regulations;

(aa) failed to respond in a timely manner to an insecure or dangerous condition or situation at the premises; and,

(bb) caused, allowed and permitted the said hazardous and dangerous condition to exist, so as to constitute a menace, danger, nuisance and trap to persons lawfully on said premises;

(cc) created and permitted a foreseeable risk of harm;

(dd) failed to properly remove the obstructing vertical pillar from said premises and nearby areas;

(ee) failed to provide proper and adequate safe walkway and surface area for the Plaintiff who was lawfully using said area;

(ff) failed to use reasonable care in the inspection, maintenance, repair and removing said visually obstruction once discovered;

(gg) permitted the said dangerous condition to exist and remain so as to constitute a menace, nuisance, snare, trap or danger for persons, such as Plaintiff, who was lawfully using said area;

(hh) failed to request and supervise periodic inspections of said areas by their agents;

(ii) failed to have said areas properly inspected, maintained, repaired, cleared and cleaned at reasonable intervals in order to determine condition of same;

(jj) permitted the Plaintiff, Diana Kadash, a business invitee, to use the "situs" which Defendants knew or should have known was dangerous and unsafe;

(kk) failed to repair or remove the defective visually obstructing pillar;

(ll) failed to consult with experts relative to the proper design, construction, maintenance, cleaning and inspection of said areas;

(mm) otherwise negligent and careless acts that may be discovered prior to trial;

(nn) being otherwise negligent, careless and reckless under the circumstances and such other actions and/or omissions by the Defendants constituting

negligence, which may be ascertained during the course of discovery or at the trail of this case.

## COUNT I
### DIANA R. KADASH v. BOOTH CORNERS REALTY CO., A/K/A, T/A, D/B/A BOOTH'S CORNER REALTY, A/K/A, T/A, D/B/A BOOTH'S CORNER FARMER'S MARKET A/K/A, T/A, D/B/A BOOTH'S CORNER FARMER'S MARKET & AUCTION
### (NEGLIGENCE/PREMISES LIABILITY)

22. P1aintiff, Diana R. Kadash, incorporates by reference paragraphs one (1) through twenty-one (21) as though the same were fully set forth herein at length.

23. The aforesaid occurrence and the negligence and carelessness of the Defendant, the Plaintiff, Diana Kadash, was caused to be thrown and twisted violently about, landing on the ground with great force, thereby sustaining severe and debilitating personal injuries including but, not limited to the following: acute compression fracture of her L1 –L2 spine; bilateral hand and wrist pain/contusion; pain and contusions and crushing injuries; myofascial pain; tears to the gluteus medius and minimus muscles; gluteal tendinopathy; trochanteric bursitis; moderate gluteus medius and minimus tendinosis; near complete (80%) tearing of right iliotibial tract tendon; and, other injuries requiring her to undergo medical treatment all to her great detriment and loss.

24. As a result of the aforesaid, Plaintiff has been unable to attend to her usual daily activities, and she will be unable to attend same for an indefinite time period in the future, to her detriment and loss.

25. By reason of the aforesaid occurrence, the negligence and carelessness of the defendants, and the aforesaid injuries, plaintiff has suffered physical pain, mental anguish and humiliation and loss of life's pleasures and, is suffering and will suffer for an indefinite time into the future, all to her great detriment and loss.

26. By reason of the aforesaid, the plaintiff has and may in the future be required to

expend various sums of money in an endeavor to treat and cure herself of her aforesaid injuries, all to her great detriment and loss.

27.     By reason of the aforesaid, the plaintiff has or may suffer other economic loss, all to her great detriment and loss.

28.     As a result of the foregoing, Plaintiff has been obliged to spend large sums of money for surgery, medicine and medical attention in an effort to affect a cure of her said injuries, and she may be obliged to continue to undergo such medical care and to incur such medical expenses for an indefinite time into the future.

29.     As a further result of the incident aforementioned has suffered severe pain, mental anguish, and humiliation and she will continue to suffer same for an indefinite time into the future.

30.     As a further result of the incident aforementioned Plaintiff has been prevented from and hindered in performing her customary activities, and she has been unable to enjoy the pleasures of life, all of which may continue for an indefinite time into the future

31.     As a further result of the foregoing, Plaintiff has incurred incidental expenses and she may continue to incur such expenses for an indefinite time into the future.

32.     As a direct result of the subject incident, Plaintiff may hereafter incur other recoverable financial expenses or losses exceeding those stated in the foregoing paragraphs.

**WHEREFORE**, Plaintiff, Diana Kadash, demands damages against Defendants, Booth Corners Realty Co., a/k/a, t/a, d/b/a Booth's Corner Realty, a/k/a, t/a, d/b/a Booth's Corner Farmer's Market a/k/a, t/a, d/b/a Booth's Corner Farmer's Market & Auction, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) inclusive of pre-judgment and post judgment interest according to law; Pa.R.C.P. 238 delay damages; reasonable costs and expenses; and, punitive damages for Defendants' deliberate, repeated, oppressive, and unfounded refusal to

maintain safe premises, and their longstanding disregard for Plaintiff's rights and interests.

## COUNT II
## DIANA R. KADASH v. PA DUTCH WOODCRAFT, LLC A/K/A, T/A D/B/A PA DUTCH WOODCRAFT
## (NEGLIGENCE/PREMISES LIABILITY)

33. P1aintiff, Diana R. Kadash, incorporates by reference paragraphs one (1) through thirty-two (32) as though the same were fully set forth herein at length.

34. The aforesaid occurrence and the negligence and carelessness of the Defendant, the Plaintiff, Diana Kadash, was caused to be thrown and twisted violently about, landing on the ground with great force, thereby sustaining severe and debilitating personal injuries including but, not limited to the following: acute compression fracture of her L1 –L2 spine; bilateral hand and wrist pain/contusion; pain and contusions and crushing injuries; myofascial pain; tears to the gluteus medius and minimus muscles; gluteal tendinopathy; trochanteric bursitis; moderate gluteus medius and minimus tendinosis; near complete (80%) tearing of right iliotibial tract tendon; and, other injuries requiring her to undergo medical treatment all to her great detriment and loss.

35. As a result of the aforesaid, Plaintiff has been unable to attend to her usual daily activities, and she will be unable to attend same for an indefinite time period in the future, to her detriment and loss.

36. By reason of the aforesaid occurrence, the negligence and carelessness of the defendants, and the aforesaid injuries, plaintiff has suffered physical pain, mental anguish and humiliation and loss of life's pleasures and, is suffering and will suffer for an indefinite time into the future, all to her great detriment and loss.

37. By reason of the aforesaid, the plaintiff has and may in the future be required to expend various sums of money in an endeavor to treat and cure herself of her aforesaid injuries,

all to her great detriment and loss.

38. By reason of the aforesaid, the plaintiff has or may suffer other economic loss, all to her great detriment and loss.

39. As a result of the foregoing, Plaintiff has been obliged to spend large sums of money for surgery, medicine and medical attention in an effort to affect a cure of her said injuries, and she may be obliged to continue to undergo such medical care and to incur such medical expenses for an indefinite time into the future.

40. As a further result of the incident aforementioned has suffered severe pain, mental anguish, and humiliation and she will continue to suffer same for an indefinite time into the future.

41. As a further result of the incident aforementioned Plaintiff has been prevented from and hindered in performing her customary activities, and she has been unable to enjoy the pleasures of life, all of which may continue for an indefinite time into the future.

42. As a further result of the foregoing, Plaintiff has incurred incidental expenses and she may continue to incur such expenses for an indefinite time into the future.

43. As a direct result of the subject incident, Plaintiff may hereafter incur other recoverable financial expenses or losses exceeding those stated in the foregoing paragraphs.

**WHEREFORE**, Plaintiff, Diana Kadash, demands damages against Defendant, PA Dutch Woodcraft, LLC a/k/a, t/a, d/b/a PA Dutch Woodcraft, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) inclusive of pre-judgment and post judgment interest according to law; Pa.R.C.P. 238 delay damages; reasonable costs and expenses; and, punitive damages for Defendants' deliberate, repeated, oppressive, and unfounded refusal to maintain safe premises, and their longstanding disregard for Plaintiff's rights and interests.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims.

                                        Respectfully,

                                        **SWARTZ CULLETON PC**

By:    _/s/ Brandon Swartz_____
           Brandon A. Swartz, Esquire
           Devorah Peretz, Esquire
           547 E. Washington Avenue
           Newtown, PA 18940
           T: (215) 550-6553
           F: (215) 550-6557
           bswartz@swartzculleton.com
           dperetz@swartzculleton.com

           *Attorneys for Plaintiff*,
           Diana R. Kadash

Date: August 23, 2023

Case 2:23-cv-03276-GJP   Document 1   Filed 08/23/23   Page 13 of 13

## VERIFICATION

I, __DIANA KADASH__, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

*Diana Kadash*